IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

DAVID EDMISTEN                                                                                    PLAINTIFF

vs.                                            Civil No. 5:21-cv-05058

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION                                                                DEFENDANT

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

David Edmisten ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for a Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable Timothy L. Brooks referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **REVERSED AND REMANDED.**

**1.    Background:**

Plaintiff protectively filed his disability application on August 14, 2018.  (Tr. 10).[1]  In his application, Plaintiff alleges being disabled due to carpal tunnel syndrome in both hands, right rotator cuff injury, history of left shoulder surgery, and dyslexia.  (Tr. 264).  Plaintiff alleges an

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___"  The transcript pages for this case are referenced by the designation "Tr." and refer to the document filed at ECF No. 12. These references are to the page number of the transcript itself not the ECF page number.

onset date of October 24, 2017. (Tr. 10). His application was denied initially and again upon reconsideration. (Tr. 126-135).

Plaintiff requested an administrative hearing on his denied application, and this hearing request was granted. (Tr. 30-59). The ALJ held an administrative hearing *via* telephone on August 4, 2020 in Little Rock, Arkansas. *Id.* At this hearing, Plaintiff was present and was represented by John Murray. *Id.* Plaintiff and Vocational Expert ("VE") Stacy McKisick testified at this hearing. *Id.*

On August 27, 2020, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability application. (Tr. 7-24). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since August 14, 2018, his application date. (Tr. 13, Finding 1).

The ALJ determined Plaintiff had the following severe impairments: degenerative disc disease of the cervical spine status post fusion; degenerative joint disease of the right should status post surgeries; gunshot wound to the left shoulder with retained metal fragments; carpal tunnel syndrome of the bilateral wrists s/p release on the left; anxiety disorder; posttraumatic stress disorder (PTSD); and personality disorders. (Tr. 13-14, Finding 2). The ALJ also determined Plaintiff did not have an impairment or combination of impairments that meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-15, Finding 3).

The ALJ determined Plaintiff was forty-seven (47) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c), on the date his application as filed. (Tr. 23, Finding 6). As for his education, the ALJ determined Plaintiff had at least a high school education. (Tr. 23, Finding 7).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 15-22, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not entirely credible. *Id.* Second, the ALJ determined Plaintiff had the following RFC:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 416.967(a) except he can occasionally reach overhead bilaterally, occasionally handle bilaterally, and occasionally finger bilaterally with the upper extremities. The claimant can never climb ladders, ropes or scaffolds. He should avoid concentrated exposure to excessive vibration. The claimant can make routine work related decisions, maintain concentration, persistence and pace for routine tasks, and understand, carry out and remember routine work instructions and procedures. He can adapt to changes in work setting that are routine, predictable, and can be easily explained. He can have occasional and superficial interaction with coworkers, supervisors, and the public.

*Id.*

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW. (Tr. 23, Finding 5). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 23-24, Finding 9). The VE testified at the administration hearing regarding this issue. Based upon that testimony, the ALJ determined a hypothetical person with Plaintiff's limitations retains the capacity to work as a surveillance system monitor (sedentary, unskilled) with approximately 35,000 such jobs in the national economy and call out operator (sedentary, unskilled) with approximately 50,000 such jobs in the national economy. (Tr. 23). In accordance with this finding, the ALJ determined Plaintiff was not under a disability, as defined by the Act, from August 14, 2018 (application date) through August 27, 2020 (ALJ's decision date). (Tr. 24, Finding 10).

Plaintiff sought review with the Appeals Council. (Tr. 1-4). On January 11, 2021, the Appeals Council denied this request for review. *Id.* On March 17, 2021, Plaintiff filed a Complaint

in this case. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 14-15. This matter is now ripe for consideration.

2.      **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that wouldhave supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff

must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff claims the ALJ's decision is not supported by substantial evidence in the record. ECF No. 14 at 1-12. In making this claim, Plaintiff raises three issues for reversal: (A) the ALJ erred by failing to resolve conflicts in the record; (B) the ALJ erred in assessing his credibility under *Polaski*; and (C) the ALJ erred in assessing his RFC. *Id.* Upon review, the Court finds the ALJ's credibility determination is not supported by substantial evidence in the record; thus, the Court will only consider Plaintiff's second issue for reversal.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529

and 20 C.F.R. § 416.929.² *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *See id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors.  *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998).  The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but

---

² Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not comply with the requirements of *Polaski*. Instead, the ALJ based his credibility determination upon the fact Plaintiff's subjective complaints were not supported by his medical records. (Tr. 15-22). In his opinion, the ALJ summarized Plaintiff's medical records and discounted Plaintiff's subjective complaints because they were not supported by the objective medical records:

> After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(Tr. 17). Indeed, although the ALJ references "other evidence in the record," the ALJ does not specifically state what "other evidence" entailed.

Based upon this review, the Court finds the ALJ discounted Plaintiff's subjective complaints based upon his medical records. *See Polaski,* 739 F.2d at 1322 (holding a claimant's subjective complaints cannot be discounted "solely because the objective medical evidence does not fully support them [the subjective complaints]"). Accordingly, because the ALJ provided an insufficient basis for discounting Plaintiff's subjective complaints, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and recommends it be **REVERSED AND REMANDED.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**ENTERED this 18th day of November 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE